UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DRAGAN JOVANOVICH, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. |
| v. | ) Judge |
| | ) |
| MEADOWOOD RETIREMENT COMMUNITY, Inc. | ) ) |
| Defendant. | ) 1:12-cv-0010 SEB-DKL ) |

## COMPLAINT

### NATURE OF ACTION

1. Plaintiff seeks redress and relief under Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e et seq., as amended, and the Age Discrimination in Employment Act (A.D.E.A.), for disparate treatment in terms and conditions of employment, and for having terminated Plaintiff from employment on the basis of his national origin and age and in retaliation for reporting discrimination.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707(e) of Title VII, 42 U.S.C. § 2000e 5(f)(1) and (3) and § 2000e 6(e).

3. On September 20, 2011, Plaintiff timely filed a charge of national origin discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") under EEOC Charge Number 470-2011-03260. A copy of the charge is attached as Exhibit A.

4. On November 9, 2011, the EEOC issued plaintiff a Notice of Right to Sue, a copy of which is attached as Exhibit B.

5. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C § 2000e 5(f)(3) because all of the unlawful employment practices alleged herein occurred in this district.

## PARTIES

7. Plaintiff is a male of 58 years of age. He is of Serbian descent, and speaks with a noticeable Serbian accent. He is a resident of the City of Bloomington, State of Indiana, and was at all times relevant to the allegations herein an employee of Defendant within the meaning of 42 U.S.C. 2000e(f).

8. Defendant is a state of Indiana Corporation. Defendant is located in Bloomington, Indiana, 47408, address: 2455 North Tamarack Trail, and continuously employs more than fifty (200) employees. On information and belief, defendant is owned and operated by Five Star Quality-MA., Inc, Newton, Massachusetts, which continuously has over five hundred (500) employees. Five Star Quality-MA owns, manages and operates over 200 retirement communities, including the leasing of residential buildings and dwellings.

9. Defendant is an employer within the meaning of the Civil Rights Act, 42 U.S.C. 2000e(b).

## STATEMENT OF FACTS

10. Plaintiff worked for Defendant from October 22, 2008, through July 27, of 2011.

11. At all times relevant to the allegations herein, Plaintiff held the position of driver, whose duties included driving residential tenants to off-site activities.

12. At all times relevant to the allegations herein, plaintiff was performing his duties to the defendant's expectations, and received satisfactory or better evaluations.

2

13. On January 7, 2010, plaintiff was issued disparate discipline, for which a Caucasian male employee who engaged in the same conduct was not disciplined. Plaintiff complained about national origin discrimination on that same date to Mark Kramer, manager.

14. On March 11, 2010, plaintiff was again issued discipline, for alleged violation of company policy in connection with procurement of a contract driver, which had occurred twenty (20) days earlier. Plaintiff again complained to Mark Kramer, manager, that the discipline was motivated by discrimination.

15. On October 7, 2010, plaintiff was assaulted and threatened by co-worker James Locke, Caucasian male, while at work. James Locke used profanities toward plaintiff and called plaintiff a "F" "M" Russian moron" and other national origin related insults. Plaintiff reported this incident to defendant's Executive Director, Mr. Hornstein, as well as to Mark Kramer.

16. On November 10, 2010, Plaintiff was issued discipline for the James Locke assault. James Locke was not disciplined, or was disciplined in a lessor manner, than plaintiff.

17. On November 12, 2010, plaintiff again reported harassment, and complained to Executive Director Mr. Hornstein, that he had been harassed and disciplined unfairly, and that he was being singled out on the basis of national origin.

18. On information and belief, the true reason Plaintiff was disciplined for the James Locke incident was because he had complained to management about harassment and discrimination

19. On December 6, 2010, Plaintiff again reported discriminatory actions, and again reported the assault by James Locke to Executive Director Mr. Hornstein. On information and belief, Hornstein did not take any action in response to Plaintiff's complaints.

20. On July 26, 2011, plaintiff again reported to defendant's Executive director, Mr. Hornstein, that HR Manager Ms. Melissa Orr, had been harassing plaintiff on the basis of national origin.

21. The very next day, on July 27, 2011, defendant falsified allegations against plaintiff, and terminated his employment.

22. Specifically, defendant manufactured allegations that plaintiff had been speeding while driving tenants, and falsified the existence of a third party witness to the alleged speeding incident.

23. Tenants who were passengers at the time of the alleged speeding incident disputed the accusations that plaintiff was speeding.

24. Plaintiff had nearly three years of excellent driving for defendant, and had no history of speeding or other driving problems.

25. At all relevant times, defendant paid plaintiff a lower wage of $11.35 per hour, than defendant paid similarly situated non-Serbian and/or younger drivers for comparable work.

26. Thus, while meeting the minimum standards of his employer and being highly qualified in his job description, Defendant willfully discriminated against Plaintiff based upon his national origin in violation of Title VII by subjecting him to different terms and conditions of employment, and by terminating him from employment.

27. Defendant hired Jeffrey Miller, non-Serbian Caucasian, 45 years of age, to replace plaintiff.

28. Due to the unlawful discrimination by Defendant, Plaintiff has suffered a loss of wages and benefits, in addition to suffering great pain, humiliation and mental anguish.

29. Defendant's conduct was at all times intentional, willful, and wanton.

## COUNT I

## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as though specifically stated herein.

31. Plaintiff's date of birth is 7/25/1953.

32. Plaintiff was discriminated against by defendant based on his age in violation of the Age Discrimination in Employment Act (A.D.E.A.).

33. Defendant knowingly, intentionally, and willfully discriminated against Plaintiff.

WHEREFORE, Plaintiff prays for judgment as follows:

For monetary damages, including loss of pay and benefits;

For reinstatement to his former position of driver, or in the alternative, front pay;

For statutory liquidated damages in the amount of $300,000 due to the Defendant's willful conduct;

For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 U.S.C.A. § 2000e-5(k); and

Such other relief as is just and equitable.

## COUNT II

### DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACTS OF 1964

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as though specifically stated herein.

35. Plaintiff was discriminated against by defendant based on his national origin in violation of Title VII of the Civil Rights Act of 1964.

36. Defendant knowingly, intentionally, and willfully discriminated against Plaintiff.

WHEREFORE, Plaintiff prays for judgment as follows:

For monetary damages, including loss of pay and benefits;

For reinstatement to his former position of driver, or in the alternative, front pay;

For statutory liquidated damages in the amount of $300,000 due to the Defendant's willful conduct;

For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 U.S.C.A. § 2000e-5(k); and

Such other relief as is just and equitable.

## COUNT III

### DISCRIMINATION BASED ON NATIONAL ORIGIN AND RACE IN VIOLATION OF 42 U.S.C. § 1981

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as though specifically stated herein.

38. Due to Defendant's conduct, Plaintiff's civil rights under 42 U.S.C. § 1981 et seq. to enjoy all the benefits, privileges, terms, and conditions of an employment contractual relationship free of racial discrimination have been violated by Defendant.

39. Defendant has failed to adequately and properly train its managers and employees against racially discriminatory practices resulting in a pattern, custom and practice of racial discrimination which has adversely affected Plaintiff. By committing the above alleged intentional acts, Defendant violated 42 U.S.C. § 1981 *et seq.*

40. Under 42 USC § 1981 et seq., Defendant is responsible for the acts of its supervisors, who are acting within the scope of their employment under a pattern, custom and practice of discrimination, and is responsible for the acts of its employees once it has been informed about the discriminatory acts.

41. The meaning of "race" under 42 USC § 1981 is broad and is interpreted to include classes of persons based on their ancestry or ethnic characteristics. *St. Francis Coli. v. Al-Khazraji*, 481 U.S. 604 (1987).

42. Defendants' violations of 42 USC §1981 *et seq.* proximately caused Plaintiff to suffer loss of employment, loss of income, loss of monetary benefits, mental stress, and emotional pain and suffering.

43. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights, and was at all times intentional, willful, and wanton.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For monetary damages, including loss of pay and benefits;

B. For reinstatement to his former position of driver, or in the alternative, front pay;

C. For compensatory damages in an amount to be determined at trial;

D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. §1988; and

E. Such other relief as is just and equitable.

## COUNT IV

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACTS OF 1964 AND 42 U.S.C. § 1981

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as though specifically stated herein.

45. Defendant acted in retaliation of plaintiff complaining about race, national origin and age discrimination, by subjecting him to disparate discipline, and by creating false allegations of wrongdoing to terminate his employment.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For monetary damages, including loss of pay and benefits;

B. For reinstatement to his former position of driver, or in the alternative, front pay;

C. For compensatory damages in an amount to be determined at trial;

D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. §1988; and

E. Such other relief as is just and equitable.

## COUNT V

### UNEQUAL PAY IN VIOLATION OF EQUAL PAY CLAIM ACT

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 as though specifically stated herein.

47. Defendant violated the Equal Pay Claim Act by paying plaintiff a

lower wage than similarly situated non-Serbian Caucasian employees for the same or similar work.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For monetary damages, including loss of pay and benefits;

B. For reinstatement to his former position of driver, or in the alternative, front pay;

C. For compensatory damages in an amount to be determined at trial;

D. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. §1988; and

E. Such other relief as is just and equitable.

## JURY DEMAND

**Plaintiff respectfully demands trial by jury.**

Respectfully submitted,

*/s/ Dragan Jovanovich*
Dragan Jovanovich
4408 East Elouise Ave.
Bloomington, IN 47408
812 327 1110